**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **DARCIE LYNNE AMIRAULT,** | ) | **CASE NO. 1:15CV1621** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **RICCARDO FERRARI,** | ) | |
| | ) | |
| **Defendant.** | ) | |


<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #3) of Defendant

Riccardo Ferrari to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5).  For the

following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiff, Darcie Lynne Amirault, a citizen of the United States, filed a state court

action for libel, slander, false light and intentional infliction of emotional distress, against

Defendant, a citizen of Verona, Italy.  Pursuant to Ohio Rule of Civil Procedure 4.5(A),

Plaintiff directed the Cuyahoga County Common Pleas Court to serve the Complaint in

accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters ("Hague Convention").  The Common Pleas

Court sent the Summons and Complaint via registered mail to Defendant's home in Italy.

Following removal, Defendant filed a Motion to Dismiss (ECF DKT #3) pursuant to

Federal Rule of Civil Procedure 12(b)(5), arguing that service by certified mail (the parties

use the terms "certified mail" and "registered mail" interchangeably) is not effective service

of process under the Hague Convention.

## II. LAW AND ANALYSIS

### Service of Process

Defendant filed his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5),

alleging improper service of process.  Rule 12(b)(5) states in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for relief in any
> pleading must be asserted in the responsive pleading if one is required. But a
> party may assert the following defenses by motion:
> (5) insufficient service of process;

In order to prevail on his Motion to Dismiss, Defendant must demonstrate that service via

registered mail was insufficient.  Here, he has not done so.

### Hague Convention

Service via registered mail was proper service for the Summons and Complaint

pursuant to the Hague Convention.  The Supreme Court of the United States has stated that

the Hague Convention "sought to provide a simpler way to serve process abroad, to assure

that defendants sued in foreign jurisdictions would receive actual and timely notice of suit,

and to facilitate proof of service broad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486

U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988).  The policy rationale behind the

Hague Convention is efficient service and adequate notice to the defendant.  Moreover, service of process must satisfy both the statute under which service is effectuated and the adequate notice requirement pursuant to constitutional due process.  *See Ackerman v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986).  Here, service via registered mail was efficient and Defendant received adequate notice.

The relevant provision of the Hague Convention at issue in this case is Article 10. Article 10 recites:

> Provided the State of destination does not object, the present Convention shall not interfere with—
> a) The freedom to send judicial documents, by postal channels, directly to persons abroad,
> b) The freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents through judicial officers, officials, or other competent persons of the State of destination,
> c) The freedom of any person interested in a judicial proceedings to effect service of judicial documents through judicial officers, officials, or other competent persons of the State of destination.

Currently, a circuit split exists on the issue of service of process via registered mail. While the Sixth Circuit has not decided this issue, the Northern District of Ohio has analyzed adequate service of process in one instance, and has held that service by registered mail is proper.  *Sibley v. Alcan, Inc.*, 400 F.Supp.2d 1051 (2005).  In *Alcan*, the Court determined that service of process via registered mail was proper for two main reasons, each of which is applicable here.

First, the Court looked to the intent of the drafters and found that "the drafters' intent is that 'send judicial documents,' as used in Article 10(a), includes service of process."  *Id.* at 1053.  The Court relied on the *Practical Handbook on the Operation of the Hague Convention of 15 November 1963 on the Service Abroad of Judicial and Extrajudicial*

*Documents in Civil or Commercial Matters* ("Handbook") and stated:

> The Handbook notes the varying interpretations of Article 10(a)
> in the United States and points out that the decisions holding
> that Article 10(a) does not apply to service of process
> "contradict what seems to have been the implicit understanding
> of the delegations . . . and legal literature on the Convention and
> its predecessor treaties."  The Handbook concludes, therefore,
> that the Convention intends Article 10(a) to include service of
> process.  *Id*. at 1054.

Furthermore, the Court determined that "service of process via registered mail provides an inexpensive and simpler method of service abroad."  *Id*.  Therefore, the Court concluded, based on the commentary set forth in the Handbook, that Article 10(a) does apply to service of process.

Secondly, the *Alcan* court looked to whether the country where service was being attempted objected to service of process by registered mail.  In *Alcan*, Canada did not object to service of process by registered mail; and therefore, a defendant who received a summons and complaint via registered mail was properly served.  *Id*. at 1055.  Similarly here, Italy approves of service via registered mail.  *See*, http://www.hcch.net/upload/applicability14e.pdf.  Therefore, because Italy expressly accepts service of process upon its citizens by registered mail, Plaintiff's service of the instant Summons and Complaint by registered mail was proper.

Notably, Defendant cites a case from the Northern District of Ohio which is in direct contrast to the holding in *Alcan*.  *Darko, Inc., v. Megablocks, Inc.*, No. 5:06CV1374, 2006 WL 2945954 (N.D. Ohio Oct. 13, 2006).  However, the *Darko* case is distinguishable from the case at bar because in *Darko,* the Court found that the destination country did not allow

-4-

service of process by registered mail.  Here, Italy expressly allows service via registered mail.  Additionally, the *Darko* court relied heavily on the reasoning of a Fifth Circuit case, finding that service via registered mail was improper under the Hague Convention because of a "distinction" between "send" and "service."  However, as previously mentioned, the Handbook addressed this distinction and stated that Article 10(a) does apply to service of process.  Therefore, even though a Northern District of Ohio judge held that service of process via registered mail was grounds for dismissal, that decision is not binding precedent, and the case at bar is distinguishable from that holding.

Constitutional due process requires adequate notice of a suit.  U.S. CONST. amends. V, XIV.  Here, sending the Summons and Complaint via registered mail was reasonably calculated to give adequate notice.  "Service by registered mail does not violate constitutional due process."  *Ackerman,* 788 F.2d at 841; *see also*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (holding that "due process permits service of process by mail so long as such service provides 'notice reasonably calculated . . . to provide interested parties notice of the pendency of the action'"); *Federal Trade Commission v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1313 & n.4 (D.C. Cir. 1980).  Therefore, in the case at bar, service on Defendant via registered mail provided adequate notice of the suit and complied with constitutional due process requirements.

Because Article 10(a) of the Hague Convention allows service of process via registered mail where the foreign country has not expressly objected to this manner of service, and because notice was constitutionally sufficient, service on Defendant Ferrari in Italy was

-5-

proper in this case.

<strong><u>III. CONCLUSION</u></strong>

For these reasons, the Motion (ECF DKT #3) of Defendant Riccardo Ferrari to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko_____**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  November 6, 2015**